# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DIANA S. WADE,**
**Claimant Below, Petitioner**

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-1048**  (BOR Appeal No. 2050391)
                        (Claim No. 2011024596)

**OHIO VALLEY MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Diana S. Wade, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ohio Valley Medical Center, Inc., by Toni J. Glaeser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2015, in which the Board affirmed the April 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 8, 2014, decision denying the addition of cervical sprain/strain and trapezius sprain/strain as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wade, a registered nurse, was injured in the course of her employment on January 13, 2011, while lifting a patient. Her claim was held compensable for lumbosacral and thoracic sprain/strain. Ms. Wade alleges she developed cervical pain shortly after the compensable injury. She was thereafter diagnosed with cervical and trapezius sprains/strains and it was requested that the conditions be added to the claim. On September 28, 2011, the claims administrator closed the claim and determined there was no causal connection between the complaints of neck pain and the compensable injury. This Court addressed the September 28, 2011, decision of the claims

1

administrator in a previous memorandum decision.[1] In that decision, the Court remanded the claim with instructions that the claims administrator make a finding regarding the compensability of the requested diagnoses of cervical sprain/strain and trapezius sprain/strain. On August 8, 2014, the claims administrator denied the addition of cervical sprain/strain and trapezius sprain/strain as compensable conditions.

Ms. Wade started treating with Michael Kovalick, M.D., an occupational medicine doctor, on January 21, 2011. She generally was seen by Elizabeth Snyder, PA-C. Ms. Snyder's diagnoses were lumbar strain/sprain and thoracic strain/sprain. These remained the same until July 31, 2011, when Ms. Snyder noted complaints of cervical spine pain. She also noted she was going to request that this be accepted as a compensable diagnosis.

Ms. Wade was evaluated for hypertension by Shawn Stern, D.O., her primary care physician, on March 16, 2011. However, his medical records show he discussed the work injury with Ms. Wade. Dr. Stern diagnosed thoracic back pain. On March 21, 2011, Samy Sakla, M.D. saw Ms. Wade for a pain consultation. Dr. Sakla's medical records show Ms. Wade described her pain as a burning sensation in her mid-back. Dr. Sakla diagnosed lumbosacral sprain and spasm of back muscles.

Bill Hennessey, M.D., performed an independent medical evaluation on September 16, 2011. Ms. Wade denied ever having lumbar spine pain. She advised Dr. Hennessey that she had bilateral posterior thoracic pain after the injury. This pain was at her bra strap line, just below the shoulder blades. Ms. Wade also advised Dr. Hennessey that she had neck pain. However, she was unsure when it started. In Dr. Hennessey's opinion, Ms. Wade had a thoracic strain due to the injury. He did not believe the cervical spine complaints were related to the injury.

The Office of Judges affirmed the claims administrator's decision in its April 8, 2015, Order. The Office of Judges noted the medical records of Dr. Kovalick show that Ms. Wade did not have ongoing medical treatment for the cervical spine until July 13, 2011. This was six months after the injury. It also noted Dr. Kovalick advised the claims administrator on July 28, 2011, that he had reviewed Ms. Wade's medical records and saw no mention of neck pain due to the injury. The Office of Judges determined the medical records of Dr. Sakla are void of any mention of neck pain due to the injury or a diagnosis of cervical spine strain/sprain. The Office of Judges relied on the medical opinion of Dr. Hennessey in determining there was no causal connection between the cervical spine complaints and the injury.

On September 30, 2015, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges in affirming its Order. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. While Ms. Wade asserts she had neck pain the day of her injury and that she advised all of the physicians about her neck pain, the medical records do not support her assertion. She told Dr. Hennessey she did

---

[1] *See Wade v. Ohio Valley Med. Ctr., Inc.*, No. 13-0212 (June 27, 2014) (memorandum decision).

not know when her neck pain began. Additionally, her history to all of the physicians was essentially the same, and she failed to provide a history of cervical spine pain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II